1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RONALD E. WALTON,

11              Plaintiff,                    No. CIV S-09-0479 EFB P

12        vs.

13   J. BUTLER, et al.,

14              Defendants.                   ORDER

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. §1983.  He seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

18   The case was referred to the undersigned by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20        Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

21   However, he must pay the $350 filing fee.  *See* 28 U.S.C. §§ 1914(a), 1915(b)(1).  To that end,

22   he must make monthly payments of 20 percent of the preceding month's income credited to his

23   trust account.  *See* 28 U.S.C. § 1915(b)(2).  The agency having custody of plaintiff shall forward

24   payments from plaintiff's account to the Clerk of the Court each time the amount in the account

25   exceeds $10 until the filing fee is paid.

26   ////

1

According to plaintiff, he is housed in the gym at California State Prison, Solano. He states that he is a "Level 2" inmate, but is housed with "Level 3" inmates, and has been assaulted twice by Level 3 inmates, once on December 12, 2007 and again on April 1, 2008. Plaintiff alleges that he made it known to defendants Orum, Butler, Sheal, Clarey, Orrick, Sisto, and Gullery that he was not getting along with his bunkmate, apparently a Level 3 inmate, and that he needed to be moved as a result. However, defendants allegedly did nothing to change plaintiff's housing assignment. Apparently, plaintiff was issued a rule violation report on April 1, 2008, for assault/mutual combat, but defendant Majors did not assign a staff assistant or investigative employee to plaintiff for purposes of the hearing regarding the rule violation. According to plaintiff, he was found guilty of the violation, meaning that his "points" remained "high." Compl. at unnumbered page 5.

For the limited purposes of § 1915A screening, the court finds that the complaint states cognizable, Eighth Amendment, failure to protect claims against defendants Orum, Butler, Sheal, Clarey, Orrick, Sisto, and Gullery, as well as a cognizable due process claim against defendant Majors. *See* 28 U.S.C. § 1915A. The complaint does not state a cognizable claim against defendant Rogers.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff may not sue any supervisor on a theory that the supervisor is liable for the acts of his or her subordinates. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). A

supervisor may be held liable in his or her individual capacity "'for his own culpable action or inaction in the training, supervision or control of his subordinates.'"  *Watkins v. City of Oakland, Cal.*, 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991)).  To state a claim against any individual defendant, the plaintiff must allege facts showing that the individual defendant participated in or directed the alleged violation, or knew of the violation and failed to act to prevent it.  *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."); *Taylor*, 880 F.2d at 1045.

Here, plaintiff complaint does not include any factual allegations against defendant Rogers and therefore fails to link Rogers to any act or omission that would indicate a deprivation of plaintiff's federal rights.  Thus, plaintiff fails to state a section 1983 claim against this defendant

Plaintiff may proceed forthwith to serve defendants Orum, Butler, Sheal, Clarey, Orrick, Sisto, Gullery, and Majors and pursue his claims against only those defendants or he may delay serving any defendant and attempt to state a cognizable claim against defendant Rogers.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants Rogers, he has 30 days so to do.  He is not obligated to amend his complaint.  However, if plaintiff elects to proceed forthwith against defendants Orum, Butler, Sheal, Clarey, Orrick, Sisto, Gullery, and Majors, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith.  In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendant Rogers without prejudice.

Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a

defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against

many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth*

*v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, *et seq*. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants Orum, Butler, Sheal, Clarey, Orrick, Sisto, Gullery, and Majors.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff is must pay the statutory filing fee of $350 for this action. All payments shall be collected and paid in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendant Rogers are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state a cognizable claim against this defendant. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient at least to state a cognizable due process claim against defendant Majors and cognizable Eighth Amendment failure to protect claims against Orum, Butler, Sheal, Clarey, Orrick, Sisto, and Gullery. *See* 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed February 18, 2009, eight USM-285 forms and instructions for service of process on defendants Orum, Butler, Sheal, Clarey, Orrick, Sisto, Gullery, and Majors. Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents

with the completed summons, the completed USM-285 forms, and nine copies of the February 18, 2009 complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendants Orum, Butler, Sheal, Clarey, Orrick, Sisto, Gullery, and Majors will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing, without prejudice, his defective claim against defendant Rogers.

Dated:  February 1, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RONALD E. WALTON,

11          Plaintiff,                    No. CIV S-09-0479 EFB P

12       vs.

13   J. BUTLER, et al.,

14          Defendants.              <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

15   _____/

16          Plaintiff hereby submits the following documents in compliance with the court's order

17   filed _____:

18              <u>  1  </u>           completed summons form

19              <u>  8  </u>           completed forms USM-285

20              <u>  9  </u>           copies of the February 18, 2009 Complaint

21

22   Dated:

23                                    _____

24                                              Plaintiff

25

26