IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD E. WALTON,

        Plaintiff,                      No. CIV S-09-0479 EFB P

   vs.

J. BUTLER, et al.,

        Defendants.              <u>ORDER</u>

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  On December 22, 2010, the court ordered defendants Orum and Sisto ("defendants") to reimburse the United States Marshals Service ("USM") for personal service of process under Rule 4(d)(2) of the Federal Rules of Civil Procedure ("Rule") because defendants failed to waive service, unless defendants filed a written statement showing good cause for their failure to waive service.  Dckt. No. 37.  On January 5, 2011, defendants filed a written statement requesting that they be excused from reimbursing the USM.  Dckt. No. 38.

      Rule 4(d)(1) imposes a duty on defendants "to avoid unnecessary expense of serving the summons."  Rule 4(d)(2) requires that the court tax costs of service of process on any defendant who fails to show good cause for failing to sign and return a timely waiver of service.

////

1

1    Defendants ask to be excused from reimbursing the USM on the grounds that 1) service
2 was unnecessary because they had already answered the complaint and therefore submitted
3 themselves to this court's jurisdiction, and 2) that the court should be lenient because the staff
4 member responsible for returning waivers was unable to do so because of medical reasons, and
5 the staff that filled in "did not see the waivers." *Id.* at 2.
6    It appears that defendants intended to waive service by filing an answer, and that
7 personal service was indeed unnecessary.  However, the USM is not expected to review the
8 docket in every action before proceeding with personal service pursuant to a court order.  Had
9 defendants returned their waivers or otherwise communicated to the USM that they were
10 waiving service, the USM would not have unnecessarily resorted to personal service.  While
11 unfortunate that the  the staff member responsible for returning waivers was unable to perform
12 this task for medical reasons, and that replacement staff "did not see the waivers," this does not
13 support a finding of good cause.  *See* Advisory Notes to 1993 Amendments, Rule 4 (a finding of
14 "sufficient cause should be rare").  Accordingly, the USM is entitled to the costs sought pursuant
15 to Rule 4(d)(2).
16    Accordingly, the court hereby ORDERS that:
17    1. Within 14 days from the date of service of this order, defendant Orum shall pay to the
18 United States Marshal the sum of $57.00, and defendant Sisto shall pay to the United States
19 Marshall the sum of $55.50.
20    2. The Clerk of the Court shall serve a copy of this order on the U.S. Marshal.
21 DATED:  March 17, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE